**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NORMAN GRAY,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-1432** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN OF FCI ALLENWOOD LOW,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Currently before the Court is *pro se* Petitioner Norman Gray ("Gray")'s petition for a writ of habeas corpus under 28 U.S.C. §2241. For the reasons stated below, the Court will dismiss Gray's petition and direct the Clerk of Court to close this case.

## I. BACKGROUND

### A. Gray's Underlying Criminal Proceedings

On March 3, 2025, Gray was sentenced to ten years of federal confinement, to be followed by three years of supervised release, after a jury sitting in the United States District Court for the Southern District of New York ("SDNY") found him guilty of wire fraud (18 U.S.C. §1343) on March 29, 2024. *See United States v. Gray*, No. 21-cr-713 (S.D.N.Y.) ("*Gray*"), ECF

Nos. 139, 213, 217.[1] Gray timely filed an appeal from his criminal judgment to the Second Circuit Court of Appeals, *see id.*, ECF No. 214), which is still pending before the Second Circuit. *See* Docket, *United States v. Gray*, No. 25-538 (2d Cir.).

On June 4, 2025, the SDNY issued a restitution order totaling $1,533,675. *See Gray*, ECF No. 227. On October 2, 2025, the SDNY issued an Order directing the Clerk of Court to transfer or otherwise apply $50,000 deposited in the SDNY's registry to secure Gray's appearance bond towards satisfying his outstanding restitution obligation. *See id.*, ECF No. 237. Gray moved for reconsideration of this Order, which the SDNY denied as frivolous on October 27, 2025. *See id.*, ECF Nos. 238, 239. Gray also appealed from the Order denying his motion for reconsideration, *see id.*, ECF No. 240, and this appeal remains pending before the Second Circuit. *See* Docket, *United States v. Gray*, No. 25-2881 (2d Cir.).

---

[1] The Court takes judicial notice of the docket entries in Gray's underlying criminal case and any related appellate proceedings. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (unpublished) ("We may take judicial notice of the contents of another Court's docket."). Additionally, the Court notes that even though the SDNY did not enter Gray's criminal judgment until March 3, 2025, Gray's sentencing hearing occurred on February 20, 2025. *See United States v. Gray*, No. 21-cr-713 (S.D.N.Y.), ECF No. 213 at 1 (identifying date sentence imposed).

On January 23, 2026, Gray filed a *pro se* "Motion for Appointment of New Counsel and Time to Reconsider Restitution," *see Gray*, ECF No. 241, which the SDNY denied a week later. *See id.*, ECF No. 242. Gray appealed from this denial to the Second Circuit, *see id.*, ECF No. 243, and this third appeal remains pending. *See United States v. Gray*, No. 26-383 (2d Cir.).

**B. Gray's Section 2241 Habeas Petition**

Gray, who is currently incarcerated at Federal Correctional Institution Allenwood Low ("FCI Allenwood Low") and has an anticipated release date of June 26, 2032 according to the Federal Bureau of Prisons ("BOP")'s Inmate Locator (https://www.bop.gov/mobile/find_inmate/index.jsp), commenced the instant action by filing his Section 2241 petition, which the Clerk of Court docketed on May 26, 2026. (Doc. 1.) Gray did not remit the filing fee or apply for leave to proceed *in forma pauperis* when he filed his petition; as such, an Administrative Order issued requiring him to either pay the fee or file an application for leave to proceed *in forma pauperis*. (Doc. 3.) Gray timely remitted the filing fee on June 24, 2026. (Doc. 4.)

In his habeas petition, Gray raises two claims. First, Gray challenges the BOP's decision to confine him at FCI Allenwood Low. *See* (Doc. 1 at 2). He asserts that he resided in Hamden, Connecticut, prior to his incarceration, and he believes that BOP is violating 18 U.S.C. §3621(b) because Hamden

is allegedly located more than five hundred driving miles from FCI Allenwood Low. *See* (*id.*).[2] Gray also points out that the SDNY recommended that the BOP confine him at Federal Correctional Institution Danbury Low ("FCI Danbury Low"). *See* (Doc. 1 at 2).

Second, Gray contends that the BOP has improperly placed him in a low security correctional facility. *See* (Doc. 1 at 2–3). He argues that, according to BOP's Inmate Security and Custody Classification manual, Program Statement 5100.08, his security points indicate that the BOP should classify him for confinement in a minimum-security federal prison camp. *See* (*id.*). He also points out that FCI Allenwood Low houses MS-13 gang inmates and, since his arrival at that facility, it had "the largest gang fight which

---

[2] Section 3621(b) states in pertinent part that:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.

18 U.S.C. §3621(b).

involved MS-13, result[ing] in severe injury to a non-violent[,] white[-]collar inmate." (*Id.* at 2.)

For relief, Gray seeks an Order directing the BOP to immediately transfer him to FCI Danbury Low, which is allegedly 30 driving miles from his residence. *See* (*id.* at 3). He also seeks an Order directing the BOP to change his custody classification from low security to minimum security. *See* (*id.*).

## II. LEGAL STANDARDS

### A. Screening of Habeas Petitions

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* R. 4, 28 U.S.C. foll. §2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the court must promptly examine it."). Rule 4 may be applied in habeas cases brought under Section 2241. *See* R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *see also*

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

**B. Section 2241 Habeas Petitions**

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." *Woodall*, 432 F.3d at 242, 243 (citation omitted). As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. *See, e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the way the BOP is computing their federal sentence).

## III. DISCUSSION

The Court has screened Gray's Section 2241 petition under Rule 4 of the Rules Governing Section 2254 Habeas Petitions and concludes that it plainly appears from the face of the petition and any documents attached thereto that he is not entitled to habeas relief in this case. As such, the Court will dismiss Gray's habeas petition.

### A. Gray's Place of Incarceration

This Court lacks jurisdiction to consider Gray's claim that the BOP violated Section 3621(b) by confining him at FCI Allenwood Low. As part of the First Step Act ("FSA"), Pub. L. 115-391, 132 Stat. 5194 (2018), Congress amended Section 3621(b) to require the BOP to confine federal prisoners in facilities "as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence." 18 U.S.C. §3621(b); *see also United States v. Bryant*, No. 06-cr-234, 2024 WL 2028268, at *11 (D. Nev. May 6, 2024) ("The FSA amended [Section] 3621(b) to provide that the BOP shall 'place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.'" (quoting 18 U.S.C. §3621(b))). Despite this language, the BOP retains "discretion to consider all pertinent factors in making placement decisions, including 'bed

availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns.'" *Bryant*, 2024 WL 2028368, at *11 (quoting 18 U.S.C. §3621(b)). Thus, although Section 3621(b) requires the BOP to confine a prisoner within 500 driving miles of their residence, it should do so only if it is "practicable" and after also considering the other factors set forth in the statute.

More importantly, "[t]he executive branch, not the courts, have control over an inmate's placement." *Ferranti v. Warden Allenwood LSCI*, No. 22-1892, 2023 WL 4285478, at *2 (3d Cir. June 30, 2023) (unpublished) (citing 18 U.S.C. §3621(b) and *Tapia v. United States*, 564 U.S. 319, 331 (2011)). The FSA expressly precludes federal courts from reviewing BOP placement decisions. *See* 18 U.S.C. §3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); *see also United States v. Holloway*, No. 20-3532, 2022 WL 216976, at *2 (3d Cir. Jan. 25, 2022) (unpublished) ("[T]he District Court aptly observed the place of imprisonment is committed to the BOP's unreviewable discretion under 18 U.S.C. §3621(b) . . . ."); *West v. (LNU)*, No. 24-cv-3051, 2025 WL 2106806, at *8 (D. Kan. July 28, 2025) (explaining that

Section 3621(b) "precludes judicial review of the BOP's placement decisions" (citing *Wills v. Barnhardt*, No. 21-1383, 2022 WL 4481492, at *4 (10th Cir. Sept. 27, 2022) (unpublished))). Therefore, this Court lacks jurisdiction to review the BOP's decision to confine him at FCI Allenwood Low instead of at FCI Danbury Low (or any other BOP correctional facility closer to his residence). *See, e.g.*, *Reynolds v. Warden Schuylkill FCI*, No. 24-1942, 2024 WL 4164271, at *2 n.4 (3d Cir. Sept. 12, 2024) (unpublished) ("[T]he District Court also properly dismissed Reynolds claim that he is entitled to a transfer to a facility within 500 miles of his home."); *Robertson v. Warden*, No. 20-cv-2117, 2021 WL 916253, at *7 (M.D. Pa. Mar. 10, 2021) ("[T]he court lacks jurisdiction to review the BOP's place of confinement decision." (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983))).

Additionally, even if the Court had jurisdiction to consider Gray's first claim, the Court would dismiss it for three reasons. First, Gray has not identified a constitutional violation as "prisoners do not have an inherent constitutional right to be placed in any particular prison or place of confinement." *Id.* (citation omitted); *see also Mundo-Violante v. Warden Loretto FCI*, 654 F. App'x 49, 51 (3d Cir. 2016) (unpublished) ("[N]either BOP policy nor the Due Process Clause gives a prisoner a liberty interest in a particular housing location . . . ." (citations omitted)). Second, Gray's

confinement in FCI Allenwood Low does not violate any part of the SDNY's sentencing order. Although Gray accurately points out that the SDNY recommended that the BOP confine him at FCI Danbury, *see Gray*, ECF No. 213 at 2 ("The Court recommends that the defendant be designated to FCI Danbury, or, failing that, as close as possible to central Connecticut."), this recommendation does not affect the BOP's exclusive authority to determine the location in which he will serve his sentence. *See* 18 U.S.C. §3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."). Third, and finally, even though Gray asserts that FCI Allenwood Low is more than 500 driving miles from his residence in Hamden, Connecticut, *see* (Doc. 1 at 2–3), he appears to be mistaken. According to Google Maps (https://www.google.com/maps), the driving distance between these locations is 260 miles.[3] Therefore, contrary to Gray's claim in his petition, the

[3] The Court takes judicial notice of this driving distance. *See Livingston Christian Schs. v. Genoa Charter Twp.*, 858 F.3d 996, 1008 (6th Cir. 2017) (taking judicial notice of Google Maps showing distances between locations); *Forrest v. McGuinness*, No. 21-cv-5853, 2025 WL 4708493, at *8 n.9 (E.D.N.Y. Oct. 1, 2025) (same), *appeal dismissed*, No. 25-1627, 2026 WL

*(footnote continued on next page)*

BOP has complied with Section 3621(b) by confining Gray within 500 driving miles of his residence.

## B. Gray's Security Classification

As with Gray's first habeas claim, this Court lacks jurisdiction over his second claim in which he argues that the BOP has over-classified him as a low security prisoner instead of as a minimum-security prisoner. *See* (Doc. 1 at 2–3). Gray's claim does not pertain to the fact or execution of his sentence because he does not argue that the BOP's low-security classification conflicts with the SDNY's sentencing order. *See Mundo-Violante*, 654 F. App'x at 51 ("[W]e agree with the District Court that to the extent Mundo–Violante challenged his security designation, the claim is not cognizable in a §2241 petition because it does not challenge the basic fact or duration of his imprisonment, which is the 'essence of habeas.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973))); *Mabry v. Warden Allenwood FCI Low*, 747 F. App'x 918, 919 (3d Cir. 2019) (unpublished) ("We agree with the District Court that Mabry's challenge to his custody classification is not cognizable in a §2241 petition."); *see also Holland v. Warden, USP Canaan*, No. 25-cv-718, 2026 WL 1471214, at *2 (M.D. Pa.

---

927822 (2d Cir. Mar. 11, 2026); *Galindo v. Taylor*, No. 22-cv-2414, 2025 WL 2306216, at *31 n.20 (D. Kan. Aug. 11, 2025) (same).

May 26, 2026) ("Prisoners have no constitutional right to a particular custody classification or security level; such claims do not implicate the fact, duration, or execution of a sentence and thus are not cognizable under Section 2241." (citing *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (unpublished) and *Ruff v. Warden FCI Schuylkill*, No. 20-cv-851, 2020 WL 2839092, at *2 (M.D. Pa. June 1, 2020))). Nor could he, because the record from Gray's SDNY criminal proceedings does not support a finding that the SDNY stated anything about Gray's security classification; instead, the SDNY merely recommended "that [Gray] be designated to FCI Danbury, or, failing that, as close as possible to central Connecticut." *Gray*, ECF No. 213 at 2. Accordingly, the Court will also dismiss Gray's second habeas claim for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Gray's Section 2241 habeas petition and direct the Clerk of Court to close this case. An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/20/26
26-1432-01